UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:                                                    Case No. 3:11-bk-48-PMG

Scott E. Fravala,

_____ Debtor.                               Chapter 13

Scott E. Fravala,

                    Plaintiff,

vs.                                                       Adv. No. 3:16-ap-132-PMG

E Holdings, Ltd.,

_____ Defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND MEMORANDUM OPINION

**THIS CASE** came before the Court for a final evidentiary hearing on the Complaint filed by the Debtor, Scott E. Fravala, against the Defendant, E Holdings, Ltd. (Doc. 1).

The Defendant asserts a claim based on the Debtor's Guaranty of a Lease Agreement between the Defendant as landlord and the Debtor's corporation as tenant. The claim was not listed in the Debtor's bankruptcy schedules, and the Defendant filed a post-petition action against the Debtor in State Court for breach of the Lease. After the Debtor filed a Suggestion of Bankruptcy, the Defendant filed a Motion for Summary Judgment in the State Court action and obtained a Judgment against the Debtor.

1

In this adversary proceeding, the Debtor seeks (1) a determination that the debt claimed by the Defendant was discharged in his Chapter 13 case, and (2) an award of damages based on the Defendant's violation of the automatic stay and discharge injunction.

The Defendant's claim was not discharged in the Debtor's Chapter 13 case under §1328(a) and §523(a)(3) of the Bankruptcy Code, because the debt was not listed in the Debtor's schedules in time to permit the timely filing of a proof of claim, and the Defendant did not have notice or actual knowledge of the case in time to file a timely claim.

After it had knowledge of the bankruptcy case, the Defendant violated the automatic stay by filing a Motion for Summary Judgment in the State Court action. The Debtor did not mitigate any damages arising from the violation, however, in that he did not provide prompt notice of his bankruptcy case while the Defendant pursued the claim, and later participated in the summary judgment proceeding by defending the Motion on its merits. Accordingly, the Debtor's request for damages based on the stay violation should be denied.

**I. Background**

On January 5, 2011, the Debtor filed a petition under Chapter 13 of the Bankruptcy Code. As of the petition date, the Debtor was the owner and operator of a business known as Vision Sound, Inc. in Orange Park, Florida. (Main Case, Doc. 1).

The deadline for all creditors to file a Proof of Claim in the Debtor's Chapter 13 case was May 23, 2011. (Main Case, Doc. 7).

On September 7, 2011, the Debtor filed a Second Amended Chapter 13 Plan. (Main Case, Doc. 57).

On October 12, 2011, the Court entered an Order Confirming the Second Amended Plan. (Main Case, Doc. 63). Generally, the confirmed Plan provided for the Debtor to make monthly payments to the Chapter 13 Trustee for the 60-month term of the Plan, and for unsecured creditors with allowed claims to be paid on a pro rata basis from the amounts paid to the Trustee.

On May 4, 2016, the Court entered a Discharge of Debtor after Completion of Chapter 13 Plan. (Main Case, Doc. 91).

On June 20, 2016, the Debtor filed the Complaint that commenced this adversary proceeding. (Doc. 1). In the Complaint, the Debtor alleges that (1) he signed a Lease with the Defendant on behalf of Vision Sound, Inc. in 2009, (2) Vision Sound, Inc. defaulted on the Lease in 2011, (3) the Defendant subsequently filed a State Court action against Vision Sound, Inc. and the Debtor, (4) the Debtor filed a Suggestion of Bankruptcy in the State Court action on August 4, 2014, and (5) the Defendant filed a Motion for Summary Judgment in the State Court case on October 9, 2015, and "proceeded with the State Court action to the point of Judgment."

Based on these allegations, the Debtor seeks a determination that the debt claimed by the Defendant was discharged in his Chapter 13 case, and that the Defendant violated the automatic stay and the discharge injunction by attempting to collect the debt in the State Court action.

**II. Nondischargeability under §1328(a) and §523(a)(3)**

On October 1, 2009, Vision Sound, Inc. entered an Agreement to lease its business premises from the Defendant for the three-year period commencing on November 1, 2009, and ending on October 31, 2012. On the same date, the Debtor, the president of Vision Sound, Inc., signed a Guaranty of Vision Sound's performance under the Agreement. (Debtor's Exhibit 4). By signing the Guaranty, the

Debtor guaranteed payment of the rent owed by Vision Sound, Inc. under the Lease, and any costs incurred by the Defendant in enforcing the Lease.

The Debtor filed his bankruptcy petition on January 5, 2011.

Even though the Debtor contends that he did not understand the effect of the Guaranty, the Defendant was a known creditor of the Debtor on the petition date by virtue of his signature on the Lease Agreement and Guaranty. See In re Drexel Burnham Lambert Group Inc., 151 B.R. 674, 682 (Bankr. S.D.N.Y. 1993).

The Debtor's liability under the Guaranty was a contingent claim or debt as of the filing of his Chapter 13 petition. (Doc. 39, Order on the parties' respective Motions for Summary Judgment)(citing In re Russo, 494 B.R. 562 (Bankr. M.D. Fla. 2013) and In re Stillwell, 2012 WL 441193 (Bankr. D. Neb.)). A contingent claim as of the petition date is a prepetition claim for purposes of filing the schedule of a debtor's liabilities under §521 of the Bankruptcy Code. See In re Estes, 415 B.R. 568 (Bankr. N.D. Ala. 2009).

The Debtor did not list the Defendant as a creditor in his bankruptcy schedules. (Doc. 75, Admitted Facts, p. 2, ¶ 2).

Section 1328(a) of the Bankruptcy Code provides that a Chapter 13 discharge generally discharges a debtor from all unsecured debts provided for by the plan, but does not discharge the debtor from any debt of the kind specified in section 523(a)(3) of the Bankruptcy Code. 11 U.S.C. §1328(a)(2).

Section 523(a)(3) provides:

**11 USC §523. Exceptions to discharge**

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

. . .

> (3) neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, <u>in time to permit</u>—
>
> > (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, <u>timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing</u>.

11 U.S.C. §523(a)(3)(Emphasis supplied). "The primary purpose of this discharge exception is fairness to those creditors who, through no fault of their own, were somehow prejudiced by not having the opportunity to protect their rights and assert their interests." In re Manzanares, 345 B.R. 773, 782 (Bankr. S.D. Fla. 2006).

Section 523(a)(3) "is only concerned with the ability to file a proof of claim." In re Snyder, 544 B.R. 905, 910 (Bankr. M.D. Fla. 2016). See also In re Mai Yer Moua, 457 B.R. 755, 756-57 (Bankr. D. Minn. 2011)(The right of a creditor that is protected under §523(a)(3)(A) is the right to timely file a proof of claim and participate in distribution from the bankruptcy estate.).

In this case, the claims bar date in the Debtor's Chapter 13 case was May 23, 2011. The Debtor did not list the Defendant on his schedule of creditors, and did not notify the Defendant of his Chapter 13 case until August 4, 2014, when he filed a Suggestion of Bankruptcy in a State Court action that the Defendant had filed against him. (Debtor's Exhibit 5). Accordingly, the Defendant did not have notice or actual knowledge of the Debtor's bankruptcy case until more than three years after the bar date for filing claims.

The Defendant did not have the opportunity to participate in any payment from the Chapter 13 estate. Additionally, even if the Defendant had filed a claim in August of 2014, it would not have received any distribution under the Debtor's confirmed Plan.

Untimely claims are not allowed in Chapter 13 cases, and creditors who file untimely claims are not permitted to share in distributions under a confirmed Chapter 13 plan, even if they did not have notice of the bankruptcy case until after the claims bar date. Instead, the Bankruptcy Code provides other remedies to such creditors who were not given notice of the bankruptcy petition, and those remedies include the nondischargeability of their claim under §523(a)(3). In re Mackinder-Manous, 2015 WL 790883 (Bankr. E.D. Ky.); In re Shaffer, 2014 WL 5568018 (Bankr. E.D. Penn.); In re Sykes, 451 B.R. 852 (Bankr. S.D. Ill. 2011).

The Defendant's claim was not discharged in the Debtor's Chapter 13 case under §1328(a) and §523(a)(3) of the Bankruptcy Code, because the debt was not listed in the Debtor's schedules in time to permit the timely filing of a proof of claim, and the Defendant did not have notice or actual knowledge of the case in time to file a timely claim.

### III. Violation of Automatic Stay and Discharge Injunction

On December 6, 2013, the Defendant filed a Complaint against the Debtor in the Circuit Court for Clay County, Florida. (Debtor's Exhibit 4). The Complaint was served on the Debtor on January 2, 2014. (Defendant's Exhibit 3). The Debtor did not respond to the Complaint, and a Default was entered in the State Court action on February 20, 2014. On April 23, 2014, the Defendant filed a Motion for Final Judgment after Default, and the Motion for Final Judgment was scheduled to be heard on August 5, 2014. (Debtor's Exhibit 3).

The day before the hearing, on August 4, 2014, the Debtor filed a Suggestion of Bankruptcy in the State Court case, and served the Suggestion on the Defendant's attorney. (Debtor's Exhibit 5).

More than one year after the Suggestion was filed, on October 9, 2015, the Defendant filed a Motion for Summary Judgment against the Debtor in the State Court action. (Debtor's Exhibit 7).

The Debtor contends that the filing of the Motion for Summary Judgment was a willful violation of the automatic stay by the Defendant, because it was an attempt to collect a prepetition debt from the Debtor after the Defendant had actual knowledge of the Debtor's bankruptcy case.

The filing of a bankruptcy petition operates as an automatic stay of any act to collect or recover a prepetition claim against the debtor. The stay is effective as of the filing of the petition, and continues until the time that the case is closed or dismissed, or until a discharge is granted or denied. Any violation of the stay is prohibited by §362, and a "willful" violation occurs if the creditor (1) knew that the stay was invoked, and (2) intended the actions that violated the stay. In re Sciortino, 561 B.R. 569, 578 (Bankr. N.D. Ga. 2016); In re White, 410 B.R. 322, 325-26 (Bankr. M.D. Fla. 2009).

In this case, the filing of the Motion for Summary Judgment by the Defendant on October 9, 2015, was a willful violation of the automatic stay.

First, the Motion constituted an attempt to collect or recover a prepetition debt of the Debtor. The Debtor signed the Guaranty of the Lease Agreement on October 1, 2009. (Debtor's Exhibit 4). The Debtor's Chapter 13 petition was filed on January 5, 2011. The Lease was not in default on the petition date, but the Debtor's liability on the Guaranty was a contingent claim or debt as of the filing of the Chapter 13 petition. (Doc. 39, Order on Motions for Summary Judgment). Generally, contingent claims as of the petition date are subject to the automatic stay of §362(a) of the Bankruptcy Code. In re Calstar, Inc., 159 B.R. 247 (Bankr. D. Minn. 1993); In re Black, 70 B.R. 645, 651 (Bankr. D. Utah 1986).

Second, the Defendant filed the Motion for Summary Judgment on October 9, 2015, while the Debtor's Chapter 13 case remained pending, and after the Defendant had actual knowledge of the

Chapter 13 case by virtue of the Suggestion of Bankruptcy that was filed and served in the State Court action on August 4, 2014. (Debtor's Exhibit 5).

Finally, the nondischargeable character of the debt has no effect on the application of the stay. In re Reynolds, 2008 WL 373521, at 7 (Bankr. D. Kan.)("As long as the collection efforts are aimed at property of the estate, or could impact the feasibility of the ongoing Chapter 13 Plan, the automatic stay remains in effect, even if the debt in question is nondischargeable.").

If a creditor wishes to pursue a nondischargeable debt during the bankruptcy case, its recourse is to file a motion for relief from the stay in the Bankruptcy Court. In re Neilsen, 443 B.R. 718, 722 (Bankr. W.D. Va. 2011)("[T]he automatic stay found in §362(a) applies to debts declared nondischargeable under §523, and thus, the Movant must either obtain relief from the automatic stay under §362(d) or wait for the occurrence of one of the events found in §362(c)(2).").

For these reasons, the Court finds that the filing of the Motion for Summary Judgment by the Defendant on October 9, 2015, was a willful violation of the automatic stay.

### IV. Failure to Mitigate Damages for Stay Violation

Section 362(k) of the Bankruptcy Code provides a remedy for an individual debtor who is injured by a creditor's willful violation of the stay.

**11 USC §362. Automatic stay**

. . .

>    (k)(1) Except as provided in paragraph (2), an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k)(1). The purpose of §362(k), of course, is "to hold creditors accountable for injuries caused by willful violations of the automatic stay." In re Wynne, 422 B.R. 763, 767 (Bankr. M.D. Fla. 2010).

A debtor claiming an injury under §362(k), however, "has a duty to mitigate any damages that may occur as a result of a stay violation." In re Preston, 333 B.R. 346, 350 (Bankr. M.D.N.C. 2005). Debtors "faced with violations of the stay have a duty to mitigate their damages." In re Yantis, 553 B.R. 351, 355 (Bankr. N.D. Ind. 2016).

In evaluating a request for damages under §362(k), therefore, the Court "has an obligation to consider Debtor's failure to promptly mitigate the damages." In re Biehl, 2017 WL 1040941, at 4 (Bankr. C.D. Cal.). See also In re Erbesfield, 2016 WL 7388516, at 2 (Bankr. N.D. Ga.)("Courts consider whether a debtor mitigated possible damages.").

In this case, the Debtor did not mitigate his damages in at least two respects, and this precludes a monetary award in his favor.

First, the Debtor did not inform the Defendant of his bankruptcy case for almost three years while the Defendant attempted to enforce its claim. The Defendant served the Debtor with its Three Day Notice for Delinquent Rent on October 7, 2011, for example, but the Debtor did not notify the Defendant of his pending Chapter 13 case at that time. (Defendant's Exhibit 1). The Defendant later sent the Debtor a Demand Letter on May 9, 2013, but the Debtor again did not inform the Defendant of his bankruptcy case. (Defendant's Exhibit 2).

The State Court action was filed on December 6, 2013. The Defendant served the Debtor with the State Court Complaint on January 2, 2014, but the Debtor did not provide notice of his bankruptcy, and a Default was entered in the State Court action. (Defendant's Exhibit 3). On April 23, 2014, the

Defendant served the Debtor with a Motion for Final Judgment after Default. (Defendant's Exhibit 5). Still, the Debtor did not notify the Defendant of his pending bankruptcy case until August 4, 2014, one day before the scheduled hearing on the Motion for Final Judgment. (Debtor's Exhibits 3, 5).

In other words, the Debtor knew that the Defendant was attempting to enforce a claim against him for almost three years, from October 7, 2011, until August 4, 2014, but did not address the Defendant's unintentional stay violations. See In re Biehl, 2017 WL 1040941, at 4(The debtor failed to mitigate damages, where he knew that a state court action had continued for more than a year post-petition, but did nothing to end the violation.).

Further, even after the Debtor filed the Suggestion of Bankruptcy, he exacerbated the stay violation by participating in the State Court action.

The Defendant's filing of the Motion for Summary Judgment on October 9, 2015, was a willful stay violation, because the Defendant had been notified of the Debtor's bankruptcy case on August 4, 2014.

Instead of addressing the willful stay violation, however, the Debtor filed a written Response to the Motion for Summary Judgment, and defended the State Court action on its merits. In fact, the Response is accompanied by an Affidavit that the Debtor signed on November 18, 2015, which asserts substantive defenses to the breach of lease claim, but does not mention his bankruptcy case, the automatic stay, or the Suggestion of Bankruptcy filed a year earlier. (Defendant's Exhibit 7).

A hearing was conducted in State Court on the Motion for Summary Judgment on November 23, 2015, and the Debtor was represented at the hearing by the attorney who prepared the substantive Response to the Motion. As a result of the proceedings, a Summary Final Judgment and Amended Final Judgment were ultimately entered against the Debtor. The Final Judgments specifically refer to

the Debtor's substantive Affidavit filed in response to the Motion for Summary Judgment. (Debtor's Exhibits 8, 9).

Based on this record, the Court finds that the Defendant willfully violated the automatic stay by filing the Motion for Summary Judgment in the State Court action after it had notice of the Debtor's bankruptcy case. The Court also finds, however, that the Debtor did not mitigate any damages arising from the violation (1) by not informing the Defendant of his bankruptcy case for almost three years while the Defendant pursued its claim, (2) and also by participating in the State Court action after he filed the Suggestion of Bankruptcy.

The Court is sympathetic to the Debtor's ongoing struggle with depression and other emotional difficulties. (See Debtor's Exhibit 15). In this case, however, the fact that the Debtor did not mitigate his alleged injury precludes his recovery of any monetary damages based on the Defendant's willful violation of the stay. In re Preston, 333 B.R. at 350(The debtor did not sustain any injury from the creditor's post-petition state court action, where the debtor had filed an answer to the complaint without mentioning her bankruptcy case.).

**V. Conclusion**

The Defendant asserts a claim based on the Debtor's Guaranty of a Lease Agreement between the Defendant as landlord and the Debtor's corporation as tenant. The claim was not listed in the Debtor's bankruptcy schedules, and the Defendant filed a post-petition action against the Debtor in State Court for breach of the Lease. After the Debtor filed a Suggestion of Bankruptcy, the Defendant filed a Motion for Summary Judgment in the State Court action and obtained a Judgment against the Debtor.

In this adversary proceeding, the Debtor seeks (1) a determination that the debt claimed by the Defendant was discharged in his Chapter 13 case, and (2) an award of damages based on the Defendant's violation of the automatic stay and discharge injunction.

The Defendant's claim was not discharged in the Debtor's Chapter 13 case under §1328(a) and §523(a)(3) of the Bankruptcy Code, because the debt was not listed in the Debtor's schedules in time to permit the timely filing of a proof of claim, and the Defendant did not have notice or actual knowledge of the case in time to file a timely claim.

After it had knowledge of the bankruptcy case, the Defendant willfully violated the automatic stay by filing the Motion for Summary Judgment in the State Court action. The Debtor did not mitigate any damages arising from the violation, however, in that he did not provide prompt notice of his bankruptcy case while the Defendant pursued the claim, and later participated in the summary judgment proceeding by defending the Motion on its merits. Accordingly, the Debtor's request for damages based on the stay violation should be denied.

Accordingly:

**IT IS ORDERED** that:

1. As to Count I and Count II of the Debtor's Complaint, a Final Judgment should be entered in favor of the Debtor, Scott E. Fravala, to the extent that he seeks a determination that the Defendant willfully violated the automatic stay and the discharge injunction after August 4, 2014.

2. As to Count I and Count II of the Complaint, a Final Judgment should be entered in favor of the Defendant, E Holdings, Ltd., to the extent that the Debtor seeks an award of damages based on the Defendant's violation of the automatic stay and discharge injunction.

3. As to Count III of the Debtor's Complaint, a Final Judgment should be entered in favor of the Defendant and against the Debtor. The debt owed by the Debtor to the Defendant is not discharged in the Debtor's Chapter 13 case pursuant to §1328(a) and §523(a)(3) of the Bankruptcy Code.

DATED this 10th day of August, 2017.

BY THE COURT

PAUL M. GLENN
United States Bankruptcy Judge